# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
   **Plaintiff,**

  v.                Case No. 01-CR-84

**EDDIE BAKER, JR.,**
   **Defendant.**

## ORDER

On May 17, 2016, I denied defendant's 18 U.S.C. § 3583(e)(2) motion for modification of the conditions of supervised release and for re-sentencing. As I explained in that order, § 3583(e)(2) does not permit challenges based on asserted procedural errors made at the time of the original sentencing, United States v. Neal, 810 F.3d 512, 514 (7th Cir. 2016), which in this case occurred in 2002. To the extent that defendant challenged certain conditions on substantive grounds, which may be done at any time, I found that it made little sense to modify his conditions at this point, when he still has 10 years left on his prison sentence. See United States v. Siegel, 753 F.3d 705, 717 (7th Cir. 2014); United States v. Rhodes, 552 F.3d 624, 629 (7th Cir. 2009). Finally, to the extent that defendant also sought full re-sentencing, § 3583(e)(2) provides no such remedy. See Neal, 810 F.3d at 517.

Defendant has now filed a motion for reconsideration of the May 17 order, arguing that jurisdictional violations may be raised at any time. He contends that the federal government lacked authority to prosecute him for an alleged violation of 18 U.S.C. § 922(g)(1), an offense within the exclusive territorial jurisdiction of the state of Wisconsin. He concludes that there was no true federal jurisdiction to impose any conditions of supervised release or anything else.

Section 3583(e)(2) does not permit such challenges to a sentence. In any event, defendant's argument is without merit. District courts have original jurisdiction of all offenses against the laws of the United States, 18 U.S.C. § 3231; Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999), and the fact that states enjoy sovereignty within their boundaries does not prevent the United States from having concurrent jurisdiction for federal crimes, such as unlawful possession of a firearm by a felon, committed within those same boundaries, United States v. Bandy, No. 12-CV-149, 2013 U.S. Dist. LEXIS 83844, at *8-9 (N.D. Ind. June 14, 2013) (citing United States v. Hamilton, 263 F.3d 645, 655 (6th Cir. 2002); United States v. Banks-Giombetti, 245 F.3d 949, 953 (7th Cir. 2001)).[1]

**THEREFORE, IT IS ORDERED** that defendant's motion for reconsideration (R. 92) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of June, 2016.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[1] As indicated in the May 17 order, defendant may, at or around the time of his release from prison, renew his substantive challenges to the conditions of release. Further proceedings on the motion may be had at that time, when the court can more accurately determine the conditions reasonably necessary to deter, protect the public, and provide for correctional treatment.

2